UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:10-cr-0082-TWP-MJD |
| | ) | |
| TIMOTHY YORK, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

On February 22, and March 23, 2021, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on November 12, 2019 and October 28, 2020. Defendant York appeared in person with his appointed counsel Michael Donahoe. The government appeared by Brad Shepard, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Jason Phillips.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant York of his rights and provided him with a copy of the petition. Defendant York orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant York admitted violation numbers 1, 2, 3, 4, and 5. [Docket Nos. 64, and 75.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |
| | Mr. York failed to report for scheduled visits on November 4, and 12, 2019. His current whereabouts is unknown. |
| 2 | **"You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent."** |
| | This officer attempted to visit Mr. York on October 1, 15, and 31, 2019, at his residence and was unable to make contact with him. Contact was also attempted with Mr. York at his grandmother's residence on November 4, 2019, where he reported he would meet this officer. |
| 3 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program."** |
| | Mr. York attended a substance abuse assessment on October 10, 2019. He has failed to report for group therapy as recommended by the provider. |
| 4 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment."** |
| | Mr. York was placed on the automated random drug screening call line on October 10, 2019. He has not complied with the rules of the call line as he has not reported for any urine tests. |
| 5 | **"You must not commit another federal, state, or local crime."** |
| | On October 22, 2020, the offender was arrested by the Indianapolis Metropolitan Police Department (IMPD) and charged with Possession of Cocaine, a Level 5 Felony and Possession of a Controlled Substance, a Level 6 Felony under Cause No. 49G03-2010-F5-032841. |
| | According to the Probable Cause Affidavit, investigators with the Gun Crime Intelligence Center with IMPD were conducting surveillance on a residence when they observed Timothy York arriving in a vehicle to pick up his cousin, Donte York. Donte York who is under federal supervision, was observed carrying a firearm in a holster as he got into the passenger |

      side of the vehicle. Officers initiated a traffic stop removing both men. A search of Timothy York was conducted, and officers found crack cocaine in is pocket.

4. The parties stipulated that:

  (a) The highest grade of violation is a Grade B violation.

  (b) Defendant's criminal history category is III.

  (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The government recommended a sentence of fourteen (14) months with no supervised release to follow. Defendant's counsel argued for a sentence of twelve (12) months and one (1) day with no supervised release to follow. Defendant requested credit time from October 22, 2020 until February 17, 2021 at which time he came into federal custody for a total of 116 days.

  The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervised release to follow. This Magistrate Judge will make a recommendation that no credit time between October 22, 2020 and February 17, 2021 (while the defendant was in state custody) be applied to this sentence. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge. and file written objections with the District Judge.

Date: 3/23/2021

*Paul R. Cherry*
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system